**FAEGRE DRINKER BIDDLE & REATH LLP**
PAUL A. ROSENTHAL (SBN 338994)
paul.rosenthal@faegredrinker.com
600 Campus Drive
Florham Park, New Jersey 07932
Telephone: +1 973 549 7000
Facsimile: +1 973 360 9831

JOIE C. HAND (SBN 342325)
joie.hand@faegredrinker.com
KAYLEE A. RACS (SBN 353919)
kaylee.racs@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

***Attorneys for Defendant***
***MH SUB I, LLC***

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EVANS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MH SUB I, LLC, a Delaware corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 3:26-cv-02684-SK<br><br>Magistrate Judge Sallie Kim<br><br>**DEFENDANT MH SUB I, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**<br><br>[Filed Concurrently with Memorandum of Points and Authorities in Support of MH Sub I, LLC's Motion to Dismiss; and [Proposed] Order]<br><br>Hearing Date: May 11, 2026<br>Hearing Time: 9:30 a.m.<br>Courtroom: C – 15th Floor<br><br>Complaint filed: February 20, 2026<br>Date removed: March 26, 2026 |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 11, 2026, at 9:30 a.m., or as soon thereafter as the matter may be heard, before the Honorable Magistrate Judge Sallie Kim, in Courtroom C – 15th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant MH Sub I, LLC d/b/a Internet Brands will and hereby does move the Court for an order dismissing all causes of action asserted in the Complaint by Plaintiff Scott Evans, pursuant to Federal Rule of Civil Procedure 12(b)(6).

This Motion is based on this Notice and Motion, the Memorandum of Points and Authorities, and such further evidence and argument as the Court may permit.

DATED: April 2, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Paul A. Rosenthal*
Paul A. Rosenthal
Joie C. Hand
Kaylee A. Racs

***Attorneys for Defendant***
***MH Sub I, LLC***

# TABLE OF CONTENTS


Page

INTRODUCTION ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 2

A. Plaintiff's CIPA Claim Fails to Allege Key Elements ..... 3

1. The Complaint Fails to State a Valid Claim under CIPA Section 631 ..... 3

a) Plaintiff Fails to Allege a Capture of the Contents of Communications ..... 3

b) Plaintiff Fails to Allege In-Transit Capture of Information ..... 6

c) Internet Brands was a Party to the Communications ..... 7

d) Plaintiff Fails to Allege Scienter Sufficient to Establish Internet Brands Aided or Abetted a Penal Code Violation ..... 7

2. Plaintiff Fails to Allege Capture of Information Sufficient to State a Valid CIPA Section 638.51 Claim ..... 9

B. The Complaint's ECPA Claim Fails Because Internet Brands Was a Party to the Communication and No Actionable "Contents" Were Intercepted ..... 9

C. The CDAFA Claim Fails for Lack of Any Alleged Damage or Loss to a Computer, Network, Program, or Data ..... 11

D. Plaintiff Fails to State a Valid Invasion of Privacy Claim ..... 13

1. The Complaint Fails to Identify a Legally Protected Privacy Interest ..... 13

2. Plaintiff Had No Reasonable Expectation of Privacy on the Website ..... 14

3. Plaintiff Does Not Allege a Serious or Highly Offensive Intrusion ..... 16

E. Plaintiff Fails to Allege a Loss of Money or Property to Support a Valid UCL Claim ..... 17

CONCLUSION ..... 18

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Adler v. Community.com, Inc.*, 2021 WL 4805435 (C.D. Cal. Aug. 2, 2021) ... 6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ... 2

*B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056 (C.D. Cal. 2024) ... 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ... 2

*Birdsong v. Apple, Inc.*, 590 F. 3d 955 (9th Cir. 2009) ... 17

*Brown v. Google LLC*, 525 F. Supp. 3d 1049 (N.D. Cal. 2021) ... 16

*Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370 (Cal. Sup. Ct. Sept. 9, 2024) ... 9

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004) ... 2

*Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855 (N.D. Cal. 2011) ... 11

*Cody v. Ring LLC*, 718 F. Supp. 3d 993 (N.D. Cal. 2024) ... 6

*Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814 (E.D. Cal. 2025) ... 12

*Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849 (N.D. Cal. July 6, 2015) ... 16

*In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922 (N.D. Cal. 2015) ... 4

*In re Facebook Priv. Litig.*, 572 Fed. Appx. 494 (9th Cir. 2014) ... 18

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ... 7, 14, 16

*Fayer v. Vaughn*,
649 F.3d 1061 (9th Cir. 2011) ........ 2

*Garcia v. Build.com, Inc.*,
2023 WL 4535531 (S.D. Cal. July 13, 2023) ........ 3

*Gonzales v. Uber Techs., Inc.*,
305 F. Supp. 3d 1078 (N.D. Cal. 2018) ........ 11

*In re Google Assistant Privacy Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ........ 14

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ........ 13

*Griffith v. TikTok, Inc.*,
2023 WL 9019035 (C.D. Cal. Dec. 13, 2023) ........ 18

*Hammerling v. Google LLC*,
615 F. Supp. 3d 1069 (N.D. Cal. 2022) ........ 15, 17

*Heiting v. Taro Pharmaceuticals USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ........ 7, 8, 12

*Hernandez v. Hillsides, Inc.*,
47 Cal. 4th 272 (2009) ........ 16

*Hill v. Nat'l Collegiate Athletic Ass'n*,
7 Cal. 4th 1 (1994) ........ 13, 14, 16

*In re iPhone Application Litigation*,
844 F. Supp. 2d 1040 (N.D. Cal. 2012) ........ 17

*Jones v. Tonal Sys., Inc.*,
751 F. Supp. 3d 1025 (S.D. Cal. 2024) ........ 15

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ........ 11

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) ........ 14

*King v. Hard Rock Cafe Int'l (USA), Inc.*,
2025 WL 1635419 (E.D. Cal. June 9, 2025) ........ 5, 6

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ........ 6

*Lewis v. Superior Court*,
3 Cal. 5th 561 (2017) ........ 13

*Lindsay-Stern v. Garamszegi*,
2015 WL 12645024 (C.D. Cal. Apr. 15, 2015) ........ 12

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 17

*Martin v. Sephora USA, Inc.*,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023) ........ 6

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) ........ 6

*McCoy v. Alphabet, Inc.*,
2021 WL 405816 (N.D. Cal. Feb. 2, 2021) ........ 4

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F. 3d 1097 (9th Cir. 2008) ........ 2

*Mikulsky v. Bloomingdale's, LLC*,
713 F. Supp. 3d 833 (S.D. Cal. 2024) ........ 4, 14

*Morilha v. Alphabet Inc.*,
2024 WL 5205542 (N.D. Cal. Dec. 23, 2024) ........ 5

*People v. Evensen*,
4 Cal. App. 5th 1020 (2016) ........ 15

*Pratt v. Higgins*,
2023 WL 4564551 (N.D. Cal. July 17, 2023) ........ 12

*Ramos v. Gap, Inc.*,
2025 WL 2144837 (N.D. Cal. July 29, 2025) ........ 10

*Rodriguez v. Culligan Int'l Co.*,
2025 WL 3064113 (S.D. Cal. Nov. 3, 2025) ........ 14

*Rodriguez v. Fountain9, Inc.*,
2024 WL 3886811 (Cal. Sup. Ct. July 9, 2024) ........ 9

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........ 6

*Rodriguez v. Plivo Inc.*,
2024 WL 5184413 (Cal. Sup. Ct. Oct. 2, 2024) ........ 9

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ........ 7

*Shah v. Capital One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2025) ........ 12, 16

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........ 8

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024) ........ 15

*U.S. v. Forrester*,
512 F.3d 500 (9th Cir. 2008) ........ 15

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ........ 6, 7

*Wright v. TrueCare Prop. Holdings, LLC*,
2025 WL 3248749 (S.D. Cal. Nov. 21, 2025) ........ 11

*In re Yahoo Mail Litig.*,
7 F. Supp. 3d 1016 (N.D. Cal. 2014) ........ 10, 14, 15

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ........ 4, 5, 14, 16

*In re Zynga Privacy Litig.*,
750 F.3d 1098 (9th Cir. 2014) ........ 4, 10

**Statutes, Rules & Regulations**

18 U.S.C. § 2510(8) ........ 4

18 U.S.C. § 2511 ........ 10

Cal. Penal Code § 502 ........ 12

Cal. Penal Code § 631(a) ........ *passim*

Cal. Penal Code § 638.51 ........ 1, 3, 9

Fed. R. Civ. P. 12(b)(6) ........ 1, 2, 13, 18

Defendant MH Sub I, LLC d/b/a Internet Brands ("Internet Brands"), by and through its undersigned counsel, respectfully submits this Motion to Dismiss Plaintiff Scott Evans' Complaint for failure to state a valid claim consistent with Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Plaintiff's Complaint ("Compl.") seeks to manufacture liability from routine, lawful practices on Internet Brands' website www.findlaw.com ("the Website") by recasting these practices as violations of federal and state privacy statutes. Plaintiff asserts five causes of action: (1) California Invasion of Privacy Act, Cal. Penal Code § 630, *et seq.* ("CIPA"); (2) Electronic Communications Privacy Act of 1986, 28 U.S.C. § 2510, *et seq.* ("ECPA"); (3) California Computer Data Access and Fraud Act, Cal. Penal Code § 520 ("CDAFA"); (4) Invasion of privacy under Article I of the California Constitution; and (5) Unfair Competition Law, Cal. Bus. Prof. Code § 17200, *et seq.* ("UCL"). However, Plaintiff's Complaint is fatally deficient in that it fails to allege essential elements of each of the five causes of action and relies on speculative assertions and conclusory statements.

First, Plaintiff's Count One for violation of CIPA purports to include claims under both Sections 631 and 638.51 but neither supports a valid claim. The Section 631 claim should be dismissed for failure to adequately allege that the Website intercepted the "contents" of any communication much less did so while the communication was "in transit." The claim also fails because Internet Brands was a party to the communication at issue and Plaintiff fails to allege the scienter required for a Penal Code violation of aiding and abetting. Plaintiff's CIPA claim under Section 638.51 fails is based on allegations that, even if true, fail to identify the capture of any information in violation of the statute.

Second, the Complaint's ECPA claim fails because Internet Brands was a party to any alleged communications, Plaintiff does not allege any interception for a criminal or tortious purpose, and the Complaint does not allege actionable "contents" of communications.

Third, Plaintiff fails to plead any actual damage or loss to his computer, network, or data; thus, he does not state a valid CDAFA claim.

Fourth, the Complaint does not support the invasion of privacy claim because it fails to

identify a legally protected privacy interest or objectively reasonable expectation of privacy in the conduct alleged to be at issue.

Fifth, and finally, the UCL claim must be dismissed because the Complaint fails to allege a loss of money or property, which is a required element for a valid UCL claim.

For these reasons, and as detailed below, Internet Brands respectfully requests that the Court dismiss Plaintiff's Complaint.

## LEGAL STANDARD

A district court should dismiss a complaint where it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not survive dismissal unless it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face only when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Plaintiffs' entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F. 3d 1097, 1104 (9th Cir. 2008). Moreover, while a court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party, a court need not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) ("[T]he court is not required to accept legal conclusions cast in the form of factual allegations[.]").

## ARGUMENT

Consistent with Rule 12(b)(6), each of Plaintiff's five counts should be dismissed for failure to state a valid claim for relief.

### A. Plaintiff's CIPA Claim Fails to Allege Key Elements

To state a valid claim under CIPA Section 631, a party must allege the capture of the contents of communications while in transit by someone that is not a party to that communication. Plaintiff does not and cannot validly allege each of those core elements. Similarly, the Section 638.51 allegations within Count One fail to identify information covered by the statute. Each section of the statute at issue will be addressed in turn.

#### 1. The Complaint Fails to State a Valid Claim under CIPA Section 631

Section 631 of CIPA makes actionable "three distinct and mutually independent patterns of conduct: [(1)] intentional wiretapping, [(2)] willfully attempting to learn the contents or meaning of a communication in transit over a wire and [(3)] attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *Garcia v. Build.com, Inc.*, 2023 WL 4535531, at *4 (S.D. Cal. July 13, 2023). Alternatively, liability under Section 631 can result from aiding or abetting a third party in violation of any of the three avenues. *Id.* Here, Plaintiff asserts that Internet Brands aided and abetted third parties Meta, Google, and Microsoft in intercepting Plaintiff's communications with the Website. *See* Compl. ¶¶ 2, 43, 76.

Plaintiff's Section 631 claim suffers from four independent flaws that require dismissal. First, Plaintiff does not allege that any "contents" of his communications were captured; instead, Plaintiff's claim is predicated on the collection of generic browsing information—precisely the type of record data courts have consistently found is not actionable under the CIPA. Second, Plaintiff does not and cannot allege that any such communication was captured while it was "in transit." Third, because Internet Brands was itself a party to any communication it could not be validly held to have improperly intercepted those communications. Fourth, and finally, the Complaint lacks any allegations showing that Internet Brands acted with the knowledge or intent of a CIPA violation which would be required to state a valid claim for aiding and abetting liability.

##### a) Plaintiff Fails to Allege a Capture of the Contents of Communications

Plaintiff alleges tracking software on the Website captures users' "cursor movements, clicks, and page scrolling behavior," along with "browsing behavior, page views, engagement data,

IP address, URLs visited, and browser and device information." [1] Compl. ¶¶ 46, 55. Even accepting Plaintiff's description of the Website's alleged data collection as accurate, none of that information constitutes the contents of communications sufficient to support a valid Section 631 claim and, separately, the Complaint fails to set forth any factual basis for Plaintiff's own interactions and information that was captured.

"Contents" under Section 631 are defined as "any information concerning the substance, purport, or meaning of that communication." *In re Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015) (citing 18 U.S.C. § 2510(8)). The Ninth Circuit has defined the term "contents" as the "intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication," such as a name, address, or the identity of a subscriber or customer. *In re Zynga Privacy Litig.*, 750 F.3d 1098, 1104–07 (9th Cir. 2014).

As a threshold matter, each category of data alleged by Plaintiff to be at issue has previously been found to fall outside of the statutory meaning of the contents of a communication for Section 631 liability. Specifically, courts have consistently found that "button clicks, mouse movements, scrolling, resizing, touches (for mobile browsers), key presses, page navigation, changes to visual elements in the browsers, [and] network requests" are more akin to "record" information and are not contents of a communication under the CIPA. *Mikulsky v. Bloomingdale's, LLC*, 713 F. Supp. 3d 833, 845 (S.D. Cal. 2024). Similarly, in *McCoy v. Alphabet, Inc.*, this Court held that engagement data, such as "data on when and how often an Android Smartphone user opens and runs non-Google apps and the amount of time spent on the apps" is not the contents of a communication. 2021 WL 405816, at *14 (N.D. Cal. Feb. 2, 2021). In another case similar to this, *Yoon v. Lululemon USA, Inc.*, the plaintiff alleged that the defendant's website "recorded her 'keystrokes, mouse clicks, pages viewed, and shipping and billing information . . . [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device.'" 549 F. Supp. 3d 1073, 1082

[1] Plaintiff alleges that the term "IP address" encompasses other allegation of "routing, addressing, or signaling information." *See* Compl. ¶ 118.

(C.D. Cal. 2021). The *Yoon* court found that "[n]one of these pieces of data constitutes message content" and dismissed the CIPA claim. *Id.* at 1082–83. This Court has specifically found that IP addresses and geolocations are not actionable "contents." *Morilha v. Alphabet Inc.*, 2024 WL 5205542, at *3 (N.D. Cal. Dec. 23, 2024). The Complaint alleges nothing beyond these previously rejected categories of data. Because the categories of information identified in the Complaint are not the contents of communications, Plaintiff has failed to state a valid claim under Section 631.

Further, and independently, Plaintiff's allegations rely on conclusory statements that contents were captured without identifying specifically what information he alleges to have been captured from his actual communications. The Complaint relies on generalities regarding how the Website might operate and does not provide evidence of Plaintiff's own interactions, communications, or data. Specifically, the Complaint alleges that Plaintiff visited the Website in September 2025 to research a "personal legal issue," (Compl. ¶ 92) but does not allege what, if any, of his own behaviors, scrolls, or clicks were captured. Instead, the Complaint states generalities of how the Website operates and that after visiting the Website he noticed an "increase in targeted advertising for attorney [*sic*] and law firms" (*id.* ¶ 96) without any coherent link between the Website and such ads. That is insufficient.

In *King v. Hard Rock Cafe Int'l (USA), Inc.*, the court was faced with similarly vague allegations and, on that basis, granted the defendant's motion to dismiss a CIPA claim. 2025 WL 1635419, at *4–5 (E.D. Cal. June 9, 2025). In *King*, the plaintiff alleged she had used the website "several times," but did not "describe her browsing activity, such as what webpages she viewed, what buttons she clicked, what search terms she used, what destinations she searched for, or what her desired dates of travel were." *Id.* at *4. The complaint there did provide examples of the "full-string URLs" alleged to have been intercepted, but it did not allege that the plaintiff herself conducted those searches or visited those webpages. *Id.* Thus, the *King* court found that the hypothetical examples and unspecific language could not support the CIPA claim, and dismissed. *Id.* at *4–5. Here, Plaintiff offers even less than the *King* plaintiff, and this CIPA claim must suffer the same fate: dismissal. At no point does the Complaint describe Plaintiff's cursor movements, clicks, page scrolling behavior, or queries on the Website. And, unlike in *King*, Plaintiff does not

even offer the URLs he visited and Plaintiff's Complaint is "devoid of any allegation describing [his] search queries, if any." *Id.* at *4. Plaintiff's failure to allege what communications he purports were intercepted is fatal to the CIPA claim, and it must be dismissed.

b) Plaintiff Fails to Allege In-Transit Capture of Information

Plaintiff's Section 631 claim fails for the independent reason that the Complaint does not plausibly allege that any communications were intercepted while "in transit" as required by the statute.

"[T]he Ninth Circuit has instructed that for a communication to be 'intercepted,' . . . it must be acquired during transmission, not while it is in electronic storage." *Adler v. Community.com, Inc*., 2021 WL 4805435, at *3 (C.D. Cal. Aug. 2, 2021) (citing *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002)). Thus, to satisfy the "in transit" element, Plaintiff must plausibly allege that the contents of a communication were read or learned while the communication was in the process of being sent or received. *See Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1136 (E.D. Cal. 2021).

Plaintiff's repeated use of the word "intercept" (Compl. ¶¶ 76, 79, 115, 130) is conclusory and insufficient without the addition of specific facts that render it plausible that information is being intercepted while in transit. "These vague allegations fail to explain how the software works or how the interception occurs." *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1001 (N.D. Cal. 2024); *see also Rodriguez v. Google LLC*, 2022 WL 214552, at *2 (N.D. Cal. Jan. 25, 2022) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible [defendant] is intercepting their data in transit."); *Martin v. Sephora USA, Inc.*, 2023 WL 2717636, at *10 (E.D. Cal. Mar. 30, 2023) (dismissing the CIPA claim because the plaintiff's allegations were "conclusory" where the plaintiff "does not allege how the transcripts are intercepted simultaneously by [a third party]"). In *Valenzuela v. Keurig Green Mountain, Inc.*, the Court found that the plaintiff's "simultaneity claims [were] just too conclusory to survive" despite the allegation that communications were captured "in real time." 674 F. Supp. 3d 751, 758 (N.D. Cal. 2023). The Court held that the allegation "does little more than restate the pleading requirement of real time interception" without explaining how the "third parties interface[d] with Defendant's

[website] other than via code." *Id.* The same is true here.

Plaintiff does not provide any details or specific allegations concerning how the interception of his communications to the Website allegedly occurred, offering only the bald assertion that information was "intercepted" "in real time." *See, e.g.*, Compl. ¶¶ 76, 79, 115, 130. "Merely parroting the statutory requirement that [capture] occurred in transit is insufficient." *Heiting v. Taro Pharmaceuticals USA, Inc.*, 709 F. Supp. 3d 1007, 1019 (C.D. Cal. 2023). Thus, without additional factual details concerning when the interception occurred, Plaintiff's Complaint does not adequately allege that any information was intercepted while in its moment of transit and Count One must be dismissed.

c) Internet Brands was a Party to the Communications

CIPA exempts from liability a "person who is a 'party' to the communication." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020). Internet Brands was a party to the communications alleged to be at issue, and Plaintiff does not allege otherwise.

Plaintiff, and all putative class members, voluntarily visited the Website. *See* Compl. ¶ 101. To the extent they provided "cursor movements, clicks, and page scrolling behavior," along with "browsing behavior, page views, engagement data, IP address, URLs visited, and browser and device information" (*id.* ¶¶ 46, 55) such information is alleged to have been voluntarily provided to Internet Brands as an intended recipient of that information through the Website. Thus, Internet Brands was an intended party to any alleged communications. *See, e.g.*, *Saedi v. SPD Swiss Precision Diagnostics GmbH*, 2025 WL 1141168, at *1, *13 (C.D. Cal. Feb. 27, 2025) (confirming the defendant who allegedly installed third-party "tracking tools" on its website was a party to allegedly intercepted communications). Because Internet Brands was "meant to, and did, receive Plaintiff's communications," Internet Brands did not and could not directly intercept the communications at issue. *B.K. v. Eisenhower Med. Ctr.*, 721 F. Supp. 3d 1056, 1065 (C.D. Cal. 2024).

d) Plaintiff Fails to Allege Scienter Sufficient to Establish Internet Brands Aided or Abetted a Penal Code Violation

The CIPA is a Penal Code provision that requires a culpable *mens rea* to state a valid claim;

however, Plaintiff has not adequately alleged scienter to support his claim.

Section 631(a) prohibits a defendant from aiding, agreeing with, or employing a third party "***to*** unlawfully do, or permit, or cause" the third party to act in violation of the statute. *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 942 (N.D. Cal. 2024) (quoting Cal. Penal Code § 631(a)) (emphasis in original). "At the very least, that requires both knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Id.* A conclusory recitation of scienter is not enough.

In *Heiting*, the court was faced with allegations identical to those here—that a website operator was liable for willful or knowing aiding and abetting of a software provider's eavesdropping in violation of CIPA. 709 F. Supp. 3d at 1015. The *Heiting* court dismissed the aiding and abetting claim finding that the plaintiff failed to "allege facts demonstrating Defendant acted with the requisite knowledge or intent to aid and abet [the software provider's] purported CIPA violations." *Id.* at 1019. The same is true here.

Plaintiff asserts that Internet Brands "aided and abetted third-party interception" by installing trackers on the Website and that Internet Brands "knew or should have known that its sale of information to unauthorized third parties would violate the CIPA, ECPA, and CDAFA." Compl. ¶¶ 64–75, 170. However, Plaintiff's allegations are insufficient because he fails to allege how Internet Brands knew that any third party would use Plaintiff's information in a manner that violates CIPA, or any other statute. In *Smith*, the plaintiff's allegation that the defendant website owner assisted a third-party in "intercepting and indefinitely storing this sensitive information" was held to be conclusory because it "do[es] not contain sufficient facts for the Court to draw a plausible inference that Defendant knowingly agreed with or employed [the third-party] to engage in conduct that violated the wiretapping statute." 754 F. Supp. 3d at 943. The same is true here. Plaintiff's conclusory assertion that Internet Brands aided and abetted third parties in violating the CIPA is insufficient because it does not plead enough for this Court to draw a "plausible inference" that Internet Brands agreed to engage in conduct that would violate the statute. Thus, Plaintiff fails to meet the minimum standard required to plausibly establish a violation of the CIPA for aiding and abetting liability.

**2. Plaintiff Fails to Allege Capture of Information Sufficient to State a Valid CIPA Section 638.51 Claim**

Plaintiff's Count One also alleges a purported violation of CIPA Section 638.51, asserting that the Website uses tracking software that function as "pen registers" to collect information about visitors. *See* Compl. ¶¶ 86–89, 116–22. However, the only data Plaintiff specifically alleges to be captured by a purported pen register is a visitor's IP address. *Id.* ¶¶ 118–19. That is inadequate to maintain a valid claim under Section 638.51.

California courts have confirmed that "obtaining IP addresses from ordinary user access does not violate the pen register statute." *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4 (Cal. Sup. Ct. Sept. 9, 2024). In *Rodriguez v. Fountain9, Inc.*, the court sustained a demurrer where the plaintiff's Section 638.51 claim was premised on the capture of her IP address. 2024 WL 3886811, at *4 (Cal. Sup. Ct. July 9, 2024). The Court contrasted such allegations with cases that alleged software was "tracing Plaintiff's activities or is creating a digital fingerprint of Plaintiff." *Id.* Without such allegations, the plaintiff failed to state a valid claim and the case could not proceed. *Id.* In *Rodriguez v. Plivo Inc.*, the plaintiff argued the website installed software which captured the plaintiff's IP address without consent in violation of Section 638.51. 2024 WL 5184413, at *1 (Cal. Sup. Ct. Oct. 2, 2024). The court sustained a demurrer without leave to amend adopting the defendant's arguments that the plaintiff had no reasonable expectation of privacy in information voluntarily provided, that "Plaintiff's computer could not have accessed Defendant's website unless it provided her IP address," (e.g. such information is necessary for the internet to operate), and "Plaintiff's IP address is not the type of information collected by pen registers." *Id.* at *2. Here, Plaintiff's claim under Section 638.51 is premised on the same capture of his IP address (Compl. ¶¶ 118–19) and, therefore, must similarly fail as a matter of law.

For each of these reasons, the CIPA claim against Internet Brands for violation of Sections 631 and 638.51 fails to state a valid claim for relief and Count One should be dismissed.

**B. <u>The Complaint's ECPA Claim Fails Because Internet Brands Was a Party to the Communication and No Actionable "Contents" Were Intercepted</u>**

Plaintiff alleges that Internet Brands violated the ECPA by installing software that disclosed

visitors' "identifying information, behavior, and activity, obtained from the Trackers to third parties without their consent," and using "Plaintiffs' identifying information, behavior, and activity obtained from the Trackers for its own advertising and marketing purposes without their consent." Compl. ¶¶ 130–32. Like the CIPA claim, the ECPA claim fails because Internet Brands was a party to those communications and the Complaint does not allege that the "contents" of any communications were intercepted, disclosed, or used. Each of these deficiencies requires dismissal.

The ECPA authorizes a private right of action against any person who: "intentionally intercepts . . . any wire, oral, or electronic communication"; "intentionally discloses . . . the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the ECPA; and "intentionally uses . . . contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of" the ECPA. 18 U.S.C. §§ 2511(a), (c), & (d).

A claim for the violation of the ECPA cannot proceed if even one party to the communication has given prior consent to any data interception. *See* 18 U.S.C. § 2511(2)(d) ("It shall not be unlawful . . . to intercept a wire, oral, or electronic communication . . . where one of the parties to the communication has given prior consent to such interception."). The ECPA is concerned with "*unauthorized* interception of electronic communication, [so] the consent of one party is a complete defense." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1026 (N.D. Cal. 2014) (emphasis in original). Because Internet Brands was a party to any alleged communications (*see supra,* Sec. A(1)(c)), Internet Brands' consent to the software on the Website is a complete bar to Plaintiff's claim.

The definition of "contents" under ECPA is the same as under CIPA, *see Ramos v. Gap, Inc.*, 2025 WL 2144837, at *3 (N.D. Cal. July 29, 2025), and as discussed above, Plaintiff fails to allege the capture of contents of communications. A valid ECPA claim must "plausibly allege[] that the . . . information at issue . . . constitute[s] the 'contents of any communication,' that is, 'any information concerning the substance, purport, or meaning of a communication.'" *In re Zynga Priv.*

*Litig.*, 750 F.3d at 1106–07 (internal citation omitted). The Ninth Circuit Court of Appeals has expressly stated, "under ECPA, the term 'contents' refers to the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *Id.* at 1106. Plaintiff fails to meet that standard.

Here, Plaintiff alleges that the "identifying information" includes browsing behavior, page views, engagement data, IP address, URLs visited, and browser and device information. Compl. ¶¶ 55, 59, 95, 115, 160. Even accepting the capture of this information occurred, that does not amount to the contents of a communication. In *Wright v. TrueCare Prop. Holdings, LLC*, the court dismissed the ECPA claim (and a CIPA claim), where the plaintiff alleged the defendant's website tracked their "searches, contacts, or page views" because such information was found to not qualify as contents under the law. 2025 WL 3248749, at *3 (S.D. Cal. Nov. 21, 2025). Similarly, in *Gonzales v. Uber Techs., Inc.*, this Court confirmed that IP addresses are "not the contents of a communication." 305 F. Supp. 3d 1078, 1084–85 (N.D. Cal. 2018). As addressed more fully above, none of the data allegedly captured constitutes the "contents" of a communication. *See supra* Sec. A(1)(a). The data allegedly at issue is nonactionable "mere record information." *Wright*, 2025 WL 3248749, at *3; *see also, e.g.*, *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 944 & n.9 (N.D. Cal. 2023) (finding "webpage titles, webpage keywords, the date and times of website visits, IP addresses, page visits, purchase intent signals, and add-to-cart actions" are nonactionable "record information").

Internet Brands was a party to the communications and the information at issue is not the contents of communications; thus, Count Two should be dismissed.

### C. <u>The CDAFA Claim Fails for Lack of Any Alleged Damage or Loss to a Computer, Network, Program, or Data</u>

The CDAFA is a penal statute targeting hackers, and it "is to be strictly construed." *Claridge v. RockYou, Inc.*, 785 F. Supp. 2d 855, 863 (N.D. Cal. 2011). The *Claridge* court observed that "the legislature's intent in drafting the statute was to protect against 'tampering, interference, damage, and unauthorized access to lawfully created computer data and computer systems.'" *Id.* Plaintiff

does not and cannot allege any such tampering, interference, damage, or unauthorized access to state a violation of Section 502(c) of the California Penal Code.

Further, Plaintiff's CDAFA claim fails because the Complaint does not allege damage or loss to a computer system, network, program, or data. "To bring a private civil cause of action under the CDAFA, plaintiffs must allege that they 'suffer[ed] damage or loss by reason of a violation' of the statute." *Doe v. Tenet Healthcare Corp.*, 789 F. Supp. 3d 814, 844 (E.D. Cal. 2025) (quoting Cal. Penal Code § 502(e)(1)) (alteration in original). While the statute does not specifically define either "damage" or "loss," courts have held that "'CDAFA's private right of action contemplates some damage to the computer system, network, program, or data contained on that computer[.]'" *Id.* at 845 (internal citation omitted); *see also Pratt v. Higgins*, 2023 WL 4564551, at *9 (N.D. Cal. July 17, 2023) (CDAFA's "damage or loss" provision is limited to "costs related to fixing a computer, lost revenue, or other consequential damages incurred due to an interruption of computer services."); *Heiting*, 709 F. Supp. 3d at 1021 (same). Here, Plaintiff does not allege any such loss. Plaintiff's conclusory allegations regarding vague harm are insufficient and warrant dismissal at this stage of the case. In *Lindsay-Stern v. Garamszegi*, the plaintiff's similarly conclusory allegation that she had "suffered damages in an amount to be proven at trial" was deemed insufficient to plead "some form of tangible harm resulting from the alleged CDAFA violation" and the court dismissed the claim. 2015 WL 12645024, at *3 (C.D. Cal. Apr. 15, 2015).

Lacking any valid costs or damages upon which to base his claim, Plaintiff instead alleges that Internet Brands was "unjustly enriched" (Compl. ¶ 153) but that is insufficient. In *Shah v. Capital One Fin. Corp.*, the court confirmed that allegations of unjust enrichment are "different from saying the plaintiff[] lost money," and, on that basis found that the plaintiff failed to state a valid claim under the CDAFA. 768 F. Supp. 3d 1033, 1048 (N.D. Cal. 2025) (internal citation omitted). Plaintiff does not, and cannot, allege that Internet Brands caused harm to his computer system, network, program, or data contained thereon, nor can any allegations be read to assert lost revenue or interruption of computer services. Thus, Count Three should be dismissed.

**D. <u>Plaintiff Fails to State a Valid Invasion of Privacy Claim</u>**

The California Supreme Court has articulated a two-part test for determining whether the California Constitution's high bar for establishing an invasion of privacy claim has been cleared. *Lewis v. Superior Court*, 3 Cal. 5th 561, 571 (2017). First, a plaintiff must establish "three threshold elements" used to "screen out claims that do not involve a significant intrusion" on a recognized privacy interest: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." *Id*. (quoting *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 39–40 (1994)). Plaintiff's inability to establish any one element is sufficient to defeat such a claim. *Id*. at 572. Plaintiff's Complaint cannot meet the high bar established under California law, so Count Four must be dismissed.

**1. The Complaint Fails to Identify a Legally Protected Privacy Interest**

Plaintiff alleges that he and others "have a legally protected privacy interest in their personally identifying information and addressing information that are captured . . . when they access and view the Website." Compl. ¶ 159. The Complaint's allegations of an invasion of privacy are premised on the "cursor movements, clicks, and page scrolling behavior," along with "browsing behavior, page views, engagement data, IP address, URLs visited, and browser and device information." Compl. ¶¶ 46, 55, 160, 161. "Allowing such conclusory and speculative pleading to survive a Rule 12(b)(6) motion to dismiss would obliterate the 'high bar' set for establishing an invasion of privacy claim." *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 199 (N.D. Cal. 2019). Plaintiff fails to identify a valid privacy interest in any of the categories of information allegedly captured; thus, undermining any potential invasion of privacy claim.

"Whether a legally recognized privacy interest is present in a given case is a question of law to be decided by the court." *Hill*, 7 Cal. 4th at 40. The right to privacy is not absolute, and "privacy interests do not encompass all conceivable assertions of individual rights." *Id.* at 35. Privacy rights can be classified in two groups: "informational privacy," which is an interest in preventing the dissemination or misuse of sensitive and confidential information, and "autonomy privacy," which is an interest in maintaining the ability to make personal decisions or conducting personal activities without observation, intrusion, or interference. *Id.* In the context of informational privacy, "the

California Constitution protects only the 'dissemination or misuse of *sensitive* and *confidential* information.'" *In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1040 (quoting *Hill*, 7 Cal. 4th at 35) (emphasis in original). The Complaint fails to allege either class of privacy right.[2]

This Court has previously confirmed that "[t]here is no legally protected privacy interest and reasonable expectation of privacy in electronic messages, in general. Rather, a privacy interest can exist, if at all, only with respect to the content of those communications." *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 817 (N.D. Cal. 2020) (internal citation and quotations omitted). Multiple courts have found that there is no privacy interest in a plaintiff's IP address, geolocation data, or "browsing data." *See Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1179 (N.D. Cal. 2025) ("As many courts have explained, there is no legally protected privacy interest in IP addresses.") (internal quotation and citation omitted); *Yoon*, 549 F. Supp. 3d at 1077, 1086 (finding no "cognizable privacy interest in browsing data"—including "IP address and physical location; and browser type and operating system"—"collected only while users interact with the website of the defendant company"); *Rodriguez v. Culligan Int'l Co.*, 2025 WL 3064113, at *3 (S.D. Cal. Nov. 3, 2025) (finding no cognizable privacy interest existed in plaintiff's "IP address, her computer's operating system name, operating system version number, browser name, browser version number, browser language, screen resolution, geolocation data, email address, mobile ad IDs, embedded social media identities, customer and/or loyalty IDs, cookies and device signature – as well as the connections between them"). "Courts have been unwilling to find a cognizable privacy interest in browsing data from users on [d]efendant's own website" including metadata collected in connection with internet-based communications with websites. *Mikulsky*, 713 F. Supp. 3d at 846. Plaintiff offers nothing more to support his claim.

### 2. Plaintiff Had No Reasonable Expectation of Privacy on the Website

The Ninth Circuit has confirmed that "[t]he existence of a reasonable expectation of privacy, given the circumstances of each case, is a mixed question of law and fact." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 601. However, it is appropriate to decide this factor at the

[2] Courts have limited the concept of autonomy privacy to "***bodily*** autonomy; [they] have not extended the concept to ***data*** autonomy." *Yoon*, 549 F. Supp. 3d at 1086 (emphasis in original). The Complaint makes no mention of bodily autonomy.

pleading stage where, as here, "the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests," thus allowing the question of invasion to be adjudicated as a matter of law. *Jones v. Tonal Sys., Inc.*, 751 F. Supp. 3d 1025, 1043 (S.D. Cal. 2024). In cases of alleged data collection, courts weigh "the customs, practices, and circumstances surrounding the data collection, including the amount of data collected, the sensitivity of data collected, the manner of data collection, and the defendant's representations to its customers." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1088 (N.D. Cal. 2022). Here, Plaintiff has no objective entitlement to privacy based on community norms (*see In re Yahoo Mail Litig.*, 7 F. Supp. 3d at 1037) and no reasonable expectation of privacy on the Website.

Plaintiff alleges that he "had a reasonable expectation of privacy under the circumstances" because he "could not have reasonably expected" that the Website would use tracking software and cookies without notice or consent. Compl. ¶ 160. However, there cannot be a reasonable expectation of privacy "when the data collection is within users' common-sense expectation or when the information is not sensitive." *Hammerling*, 615 F. Supp. 3d at 1089. Such is the case here.

The Ninth Circuit has confirmed that internet users should not expect privacy in the IP addresses of the websites they visited because "they should know that this information is provided to and used by Internet service providers for the specific purpose of directing the routing of information." *U.S. v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008). But Plaintiff relies upon the alleged capture of his IP address to support this claim. Compl. ¶ 160.

Similarly, the Complaint suggests that Plaintiff has an expectation of privacy in his cursor movements, clicks, and scrolling behaviors (*id.* ¶ 46); however, multiple courts have rejected that argument as well. For example, in *Thomas v. Papa Johns Int'l, Inc.*, the court confirmed that "mouse movements, clicks, keystrokes (such as text being entered into an information field or text box), [and] URLs of web pages visited" are not something over which a consumer has an objectively reasonable expectation of privacy. 2024 WL 2060140, at *4 (S.D. Cal. May 8, 2024)); *see also People v. Evensen*, 4 Cal. App. 5th 1020, 1026 & n.4 (2016) ("Computer users also have no reasonable expectation of privacy in electronic data that is not itself content."). Common internet customs and practices, not to mention the Website's disclosures to visitors, further belie any claim

of a reasonable expectation of privacy.[3] Here, Plaintiff does not and cannot set forth any reasonable expectation of privacy in the information that he alleges may have been captured during his visit to the Website.

**3. Plaintiff Does Not Allege a Serious or Highly Offensive Intrusion**

Separately and additionally, Plaintiff's invasion of privacy claim fails because the Complaint does not allege facts that rise to the level of odiousness required by the law. Plaintiff's allegations concern routine data collection and disclosure of non-sensitive information fall below the required threshold.

To be actionable, an invasion of privacy must be "serious"—"highly offensive" conduct that is so "unwarranted as to constitute an egregious breach of the social norms." *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 295 (2009) (internal quotation and citation omitted). Courts employ a "holistic consideration of factors such as the likelihood of serious harm to the victim, the degree and setting of the intrusion, the intruder's motives and objectives, and whether countervailing interests or social norms render the intrusion inoffensive." *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d at 606 (quoting *Hernandez*, 47 Cal. 4th at 295). Here, Plaintiff does not and cannot allege an egregious breach of social norms by the Website; thus, his claim fails as a matter of law. *See Hill*, 7 Cal. 4th at 40.

Plaintiff recites the key language required for a "serious" and "highly offensive" invasion of privacy (Compl. ¶¶ 161 –62) but the Complaint fails to identify any valid basis for such assertions much less establish an "egregious breach of social norms." *Shah*, 768 F. Supp. 3d at 1047 (internal quotations omitted).

---

[3] The Website's Terms of Use and Privacy Statement provided disclosures regarding the collection and use of browsing data that would have put users (including Plaintiff) on reasonable notice of such conduct. The Court may, and should, take judicial notice of the Website, which is publicly available and contains distinct links to the Website's Terms of Use and Privacy Statement. Courts may take judicial notice of present and verifiable past contents of a publicly available website. *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of a website's privacy policy and webpages); *Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 & n.1 (N.D. Cal. July 6, 2015) ("Courts have taken judicial notice of the contents of web pages available through the [Internet Archive's] Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Here, Plaintiff's allegations have incorporated the Website by reference into the Complaint. *Yoon*, 549 F. Supp. 3d at 1079 (granting request for judicial notice of website documents discussed "extensively" in the complaint).

Prior cases have confirmed that data collection and disclosure of objectively more-sensitive information, such as social security numbers and financial information, has been held to fall short of the required showing of a "highly offensive" act or "egregious breach of social norms." *See Hammerling*, 615 F. Supp. 3d at 1090 (dismissing constitutional privacy claim upon finding that alleged collection of data on plaintiff's use of a certain apps, including "sleep cycle, menstrual cycle, sexual preferences, religion, and political affiliations" did not constitute a sufficiently offensive invasion). For example, the plaintiffs in *In re iPhone Application Litigation* alleged that unique device identifier numbers, personal data, and geolocation information was collected and disclosed without their knowledge and consent. 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012). This Court found that "such disclosure does not constitute an egregious breach of social norms" and dismissed the constitutional privacy claim with prejudice. *Id.* In *Low v. LinkedIn Corp.*, the plaintiffs alleged that the defendant collected and disclosed their website IDs and URLs of visited pages, which in the aggregate would disclose browsing history and could allegedly be de-anonymized for personal identification. 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). This Court found such allegations still failed to establish a highly offensive disclosure or a serious invasion of privacy and dismissed the claim with prejudice. *Id.* at 1025–26. Plaintiff's allegations here are similarly insufficient.

The Complaint's allegations that the Website captured "cursor movements, clicks, and page scrolling behavior," "browsing behavior, page views, engagement data, IP address, URLs visited, and browser and device information" (Compl. ¶¶ 46, 55) fall short and fail to establish a highly offensive or egregious violation. Indeed, this Court previously confirmed that internet-based data collection and disclosure to third parties is "routine commercial behavior" and not the basis for an invasion of privacy claim. *Hammerling*, 615 F. Supp. 3d at 1090. Thus, Plaintiff fails to state a valid claim and Count Four should be dismissed.

### E. **Plaintiff Fails to Allege a Loss of Money or Property to Support a Valid UCL Claim**

To state a claim under the UCL, a plaintiff must establish the loss of money or property as a result of the defendant's alleged conduct. *Birdsong v. Apple, Inc.*, 590 F. 3d 955, 959 (9th Cir.

2009). When a plaintiff alleges only a loss of personal data, as is the case here, the plaintiff fails to state damages, and the UCL claim should be dismissed.

Courts have repeatedly dismissed UCL claims brought by website visitors claiming that software on third-party websites collected their personal information for failure to plausibly allege that "collect[ing] information about their browsing history caused them to lose money or property within the meaning of the UCL." *Griffith v. TikTok, Inc.*, 2023 WL 9019035, at *6 (C.D. Cal. Dec. 13, 2023); *see also In re Facebook Priv. Litig.*, 572 Fed. Appx. 494, 494 (9th Cir. 2014) ("We affirm the district court's dismissal of plaintiffs' UCL claim because plaintiffs failed to allege that they lost money or property as a result of the unfair competition.") (internal quotation omitted). The same result is warranted here.

Plaintiff alleges he has been "injured and lost money or property, including but not limited to the loss of [his] legally protected interest in the privacy of [his] personal information, data, and communications" that resulted in a "loss of money and property." Compl. ¶ 169. The Complaint offers nothing more. Such allegations are conclusory and do not set forth any valid damages. For example, Plaintiff does not and cannot allege that he paid money to access the Website, lost out on a financial transaction, or was deprived of any property interest as a result of Internet Brands' alleged conduct. Thus, Plaintiff fails to state a valid claim under the UCL and Count Five should be dismissed.

**<u>CONCLUSION</u>**

For the foregoing reasons, Internet Brands respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint in its entirety, with prejudice. Plaintiff's claims are legally deficient, fail to satisfy the minimum pleading standards under Rule 12(b)(6), and cannot be cured by amendment. As such, dismissal is warranted as a matter of law.

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: April 2, 2026

Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Paul A. Rosenthal*
Paul A. Rosenthal
Joie C. Hand
Kaylee A. Racs

***Attorneys for Defendant MH Sub I, LLC***