UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EVANS,<br>Plaintiff,<br>v.<br>MH SUB I, LLC,<br>Defendant. | Case No. 26-cv-02684-VC<br>**ORDER GRANTING MH SUB I, LLC'S MOTION TO DISMISS**<br>Re: Dkt. No. 18 |

Plaintiff Scott Evans brought multiple privacy-related claims on behalf of himself and a putative class against MH Sub I, LLC in state court. MH Sub removed to federal court under the Class Action Fairness Act of 2005 and now moves to dismiss Evans's first amended complaint. 28 U.S.C. § 1332(d). The motion to dismiss is granted. All claims are dismissed with prejudice, except for Evans's invasion-of-privacy claim under the California Constitution. That claim is dismissed with leave to amend. This ruling assumes the reader's familiarity with the facts, the applicable law, and the arguments made by the parties.

1. To state a CIPA claim for wiretapping under Evans's aiding-and-abetting theory of liability, Evans must plausibly allege that MH Sub aided the third-party trackers in reading, attempting to read, or attempting to learn the contents of the communications while the communications were "in transit." Cal. Penal Code § 631(a). For the reasons explained in *Doe v. Eating Recovery Center LLC*, the in-transit requirement means that the intercepting party "must do something more than just intercept the communication while it is in transit." 806 F. Supp. 3d 1109, 1116-19 (N.D. Cal. 2025). Evans does not sufficiently allege that the tracking entities intercepted—let alone read or attempted to read—his communications while they were in transit.

*See* Dkt. No. 18 at 3-4.

2. As Evans agrees, his CIPA pen-register claim is barred by newly enacted California legislation that eliminates the private cause of action for pen-register claims "alleged to arise from conduct occurring on an internet website, online application, or mobile application." S.B. 690, 2026 Cal. Legis. Serv. ch. 976; Dkt. No. 42. That legislation becomes effective on January 1, 2027, and applies "retroactively to any pending claim in an action commenced within two years before" that date. S.B. 690, 2026 Cal. Legis. Serv. ch. 976. This action was filed within that two-year period, on February 20, 2026. Dkt. No. 1 ¶ 1.

3. Evans fails to state a claim under the federal Wiretap Act because it is not unlawful under that statute for a person to intercept an electronic communication where they are a party to the communication or where one of the parties to the communication has given prior consent to the interception. 18 U.S.C. § 2511(2)(d). To the extent Evans alleges that MH Sub intercepted his communications directly, MH Sub is not liable as a party to the intercepted communications. And to the extent Evans alleges that MH Sub aided third-party trackers in intercepting his communications, MH Sub is not liable because it consented to the interception as a party to the communication when it installed the trackers on its website. *See* Compl. ¶¶ 72, 74.

4. Evans lacks statutory standing to bring a claim under the California Comprehensive Computer Data Access and Fraud Act (CDAFA). That statute requires a plaintiff to have suffered "damage or loss." Cal. Penal Code § 502(e)(1). While Evans baldly asserts that he and putative class members "have suffered damages" from MH Sub's alleged acquisition of their data, he does not otherwise explain how or why MH Sub's acquisition of that data would have harmed him. Compl. ¶ 176; *see Lineberry v. AddShopper, Inc.*, 2025 WL 551864, at *2-3 (N.D. Cal. Feb. 19, 2025). The closest Evans comes to alleging damage or loss is alleging that MH Sub was "unjustly enriched" by "accessing, acquiring, taking, and using" his and putative class members' data "to maximize revenue from selling advertising space on the Website and for Defendant's own financial benefit." Compl. ¶ 175. But that allegation doesn't state that Evans has a financial interest in that data or explain how MH Sub's alleged actions harmed that interest. *See Lineberry*, 2025

WL 551864, at *2.

5. Evans fails to state a claim for invasion of privacy under the California Constitution. Without additional information—including why Evans was conducting legal research, what kind of browsing data was collected, what that data was used for, who it was shared with, and what kind of targeted advertising Evans received after browsing—Evans cannot plausibly allege that MH Sub invaded his privacy. *See Lewis v. Superior Court*, 397 P.3d 1011, 1018 (Cal. 2017). Although Evans has not alleged the facts necessary to assert this claim in his first amended complaint, it is possible that unlawful interception and dissemination of personally identifiable browsing data on a public-source legal-research website could constitute an invasion of privacy. To provide Evans one more attempt to plausibly make out the claim, dismissal of this claim is with leave to amend. Evans may file an amended complaint within 14 days.[1]

6. Evans's claim under California's Unfair Competition Law fails for the same reason his CDAFA claim fails. To have standing under the Unfair Competition Law, a plaintiff must have "lost money or property as a result of the" alleged unfair competition. Cal. Bus. & Prof. Code § 17204. Evans has not adequately alleged a pecuniary loss. Evans's allegation that MH Sub "sold and/or otherwise used" his data and communications "for profit" does not allege an economic injury to Evans himself. Compl. ¶ 191; *see Doe v. Eating Recovery Center LLC*, 2024 WL 2852210, at *1 (N.D. Cal. June 4, 2024). And Evans's alleged "loss" of his "legally protected interest in the privacy of" his personal information is not an economic injury at all. Compl. ¶ 191.

**IT IS SO ORDERED.**

Dated: October 20, 2026

VINCE CHHABRIA
United States District Judge

---

[1] Even if Evans succeeded in stating a claim for invasion of privacy, it could be difficult for him to get a class certified, because determining liability as to any class member could require an individualized inquiry into the kinds of facts that Evans must allege to successfully state a claim in the first place.